UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TANISHA WALKER, individually and on behalf of all others similarly situated, | Case No. 1:18-cv-513 |
| | Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| LYONS, DOUGHTY & VELDHUIS, P.C., *et al.*, | |
| Defendants. | |

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS (Doc. 9)**

This civil action is before the Court regarding the motion to dismiss of Defendant Lyons, Doughty & Veldhuis, P.C. ("Defendant" or "Lyons") (Doc. 9), as well as the parties' responsive memoranda (Docs. 11, 12).

## I. BACKGROUND

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff brings this action under the Fair Debt Collections Practices Act ("FDCPA"). (Doc. 1 at ¶ 5). Plaintiff brings this action on behalf of a proposed class of allegedly similarly situated individuals. (*Id.* at ¶¶ 11–12). Plaintiff claims Lyons is a "debt collector" under the FDCPA. (*Id.* at ¶ 8).

Plaintiff states that prior to September 15, 2017, she allegedly incurred a debt to Capital One Bank (USA), N.A. ("Capital One") (the "Debt") for "purchasing items for personal, family or household purposes." (*Id.* at ¶¶ 21–23). Capital One or a subsequent owner of the Debt contracted with the Defendant to collect the Debt. (*Id.* at ¶ 25).

On or about September 15, 2017, Defendant sent the Plaintiff an initial contact notice (the "Letter") regarding the Debt. (*Id.* at ¶ 27). The Letter states:

> The balance as of the date of this letter is $4,191.33. Although interest is not accruing on your account, your balance may increase in the failure due to other charges allowed by our agreement and/or by law.

(Doc. 1-1).

Plaintiff alleges that Defendant is aware that during the collection of this debt, the balance will not vary at all, and stating that it may increase, is a deceptive collection tactic. (Doc. 1 at ¶ 32). Plaintiff claims that the threat of balance increase coerces the consumer not to exert her rights under the FDCPA. (*Id.* at ¶ 33). Plaintiff states that this language is unclear as to whether the account was accruing interest, costs, and fees. (*Id.* at ¶ 34). Plaintiff alleges that she incurred an informational injury because Defendant falsely threatened that interest and costs may be accruing on her account when Defendant purportedly knew that they were not and therefore Plaintiff felt pressure to pay immediately to avoid interest and costs.

Plaintiff brings claims against Defendant for violation of 15 U.S.C. §§ 1692e and 1692g of the FDCPA.

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere

3

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

Defendant argues that Plaintiff's complaint should be dismissed because: (i) Plaintiff has failed to allege she incurred a consumer debt, (ii) the Letter does not contain any false or misleading statements in violation of § 1692e, and (iii) the Letter does not overshadow the "g-notice" language required by § 1692g.

### A. Failure to adequately allege a debt under the FDCPA

Defendant contends that the complaint is subject to dismissal because Plaintiff has not alleged that she incurred a consumer debt. In order to state a claim under the FDCPA, a plaintiff must show: "(1) that he is a 'consumer' as defined in 15 U.S.C. § 1692a(3); (2) that the "debt" arises out of a transaction which is 'primarily for personal, family or household purposes'; (3) defendant is a 'debt collector' as defined in the FDCPA; and (4) defendant has violated one of the prohibitions in the FDCPA." *Estep v. Manley Deas Kochalski, LLC*, 942 F. Supp. 2d 758, 766 (S.D. Ohio 2013), aff'd, 552 F. App'x 502 (6th Cir. 2014). The absence of any factor is fatal to a claim under the FDCPA. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009).

"It is the plaintiff's burden to show that the obligation at issue was a consumer debt, that is, one that was incurred "primarily for personal, family or household purposes." *Evenson v. Palisades Collection*, LLC, No. 2:13-CV-1226, 2015 WL

4

3466936, at *3 (S.D. Ohio June 1, 2015). Plaintiff's complaint states that the Debt was incurred "for purchasing items for personal, family or household purposes." (Doc. 1 at ¶ 22). Defendant concedes that the complaint states that the debt arose for those purposes, but argues that there are no factual allegations that support that conclusory statement. (Doc. 9-1 at 3–4).

Courts within the Southern District of Ohio have found that where a plaintiff does not allege specific facts demonstrating that a debt was incurred for personal purposes, the complaint fails to state a claim under the FDCPA. *See Estep*, 942 F. Supp. 2d at 766 (finding that the fact that plaintiffs were currently residing at a residence was insufficient to adequately allege "that they incurred the debt to purchase the property primarily for personal family or household purposes, as opposed to some other purpose, such as for a business investment."); *Evenson*, 2015 WL 3466936, at *3–5 (finding that alleging that a debt was owed to AT&T was insufficient to prove the existence of a consumer debt because phone services can be for business purposes). However, one court within the Sixth Circuit has found that there is no genuine issue of material fact that a plaintiff incurred a consumer debt where the plaintiff submitted a declaration stating that he borrowed money for personal purposes. *Currier v PDL Recovery Group, LLC*, 2017 WL 712887, at *13 (E.D. Mich. Feb. 23, 2017).

Plaintiff points to two cases where courts have found that simply stating that a "debt was for personal, family or household purposes" was sufficient to state a claim under the FDCPA. *See Pierce v. Cavalry SPV I, LLC*, 2013 WL 6773632, at *4 (W.D. Pa. Dec. 20, 2013); *Derisme v. Hunt Leibert Jacobson, PC*, 2010 WL 4683916, at *3

5

(finding that, on a motion for judgment on the pleadings, a court must accept as true plaintiff's allegation that a debt was primarily for personal, family or household purposes."). However, the vast majority of courts have found that the conclusory statement that a debt was incurred for primarily personal, family, or household purposes is insufficient to state a claim under the FDCPA. *See Garcia v. Primary Fin. Servs.*, 605 Fed. App'x 418, 418–19 (5th Cir. 2015) (affirming dismissal of FDCPA claims where plaintiff's recitation of statutory language was merely a recital of a cause of action); *Piper v. Meade & Associates, Inc.*, 282 F. Supp. 3d 905, 912 (D. Md. 2017) (granting motion to dismiss because plaintiff's conclusory statement that a debt was "incurred for personal purposes" does not sufficiently plead an FDCPA claim); *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 271–72 (E.D.N.Y. 2018) (compiling cases holding that "plaintiffs who recite the statutory definition of 'debt' rather than plead facts regarding the debt's nature have not adequately pled an FDCPA claim.")

Here, the complaint merely regurgitates the statutory language of the FDCPA but provides no factual allegations to support that legal conclusion. "The mere recitation of the statutory language that the debt was 'incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a 'debt' as that term is defined by 15 U.S.C. § 1692a(5),' constitutes 'a legal conclusion couched as a factual allegation' and the Court is 'not bound to accept [it] as true.'" *Piper*, 282 F. Supp. 3d at 912 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Accordingly, the Court finds that the complaint is void of any factual allegations demonstrating that the debt incurred

was for primarily personal, family, or household purposes and therefore must be dismissed.

Therefore, because the complaint fails to adequately plead that Plaintiff incurred a consumer debt as required by the FDCPA, the Court declines to examine Defendant's additional arguments why Plaintiff's claims that Defendant violated §§ 1692e and 1692g should be dismissed.

## IV. CONCLUSION

Accordingly, Defendant's motion to dismiss (Doc. 9) is **GRANTED** and Plaintiff's complaint (Doc. 1) is **DISMISSED** in its entirety. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:  3/15/19   *s/ Timothy S. Black*
Timothy S. Black
United States District Judge